IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-106-01-CR-W-GAF |
| ) | |
| ROY T. HUGHES, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO SUPPRESS EVIDENCE
WITH SUGGESTIONS**

COMES NOW the Defendant, Roy T. Hughes, by counsel, Stephen C. Moss, Assistant Federal Public Defender, in accordance with Rules 12, 41, and 47 of the Federal Rules of Criminal Procedure and moves this Court to suppress all evidence and testimony relating to such evidence obtained as a result of his detention and search on August 11, 2005, on the basis that such evidence was obtained in violation of his Fourth Amendment rights. In support of this motion, Mr. Hughes offers as follows:

**SUGGESTIONS IN SUPPORT**

**A. Factual circumstances regarding the warrantless detention, frisk, and search of Mr. Hughes at a public bus stop on the morning of August 11, 2005.**

At 9:26 a.m. on August 11, 2005, officers with the Kansas City, Missouri Police Department were dispatched to 8216 Troost Avenue regarding a reported "disturbance." Officers observed three individuals at a bus stop located at 82nd Terrace and Troost Avenue that apparently matched the description broadcast by the dispatcher. These individuals included Mr. Hughes, Tasha McGee, and Anthony Jones. Officers conducted a "pedestrian

check" of all three individuals, which included handcuffing the individuals and running a records check on each person. After learning he was on supervision, an officer conducted a frisk of the Mr. Hughes. During this frisk an officer felt "several hard cylindrical objects" in the right front pocket of Mr. Hughes's pants. The officer removed these objects from Mr. Hughes's pocket and discovered that the objects were bullets.

> **B. Because the police had no reasonable suspicion that he was involved in criminal activity, the warrantless detention and search of Mr. Hughes was unlawful under the Fourth Amendment. Additionally, even if the detention and search of Mr. Hughes was supported by reasonable suspicion, the search of the objects in his pocket constituted a search that exceeded the scope of any permissible detention and frisk under Terry.**

Mr. Hughes has a right to be free from unreasonable seizures. U.S. CONST. amend. IV. Mr. Hughes submits that his detention was not lawful under Terry v. Ohio, that the frisk of his person was not justified by reasonable suspicion that he was armed, and that the search of the contents of his pocket exceeded the scope of any permissible frisk. For these reasons, all evidence and testimony obtained from this unlawful detention and search must be excluded under the exclusionary rule.

> **1) The uncorroborated report from an anonymous source regarding a disturbance in the area did not establish reasonable suspicion that Mr. Hughes was engaged in criminal activity nor did it demonstrate a basis to conclude that he was armed and dangerous.**

The Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest. United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975) (citing Davis v. Mississippi, 394 U.S. 721 (1969)). All seizures must be justified at their inception by reasonable suspicion. Terry v. Ohio, 392 U.S. 1

2

(1968). This standard requires some minimal level of objective justification that is more than an "inchoate and unparticularized suspicion." United States v. Sokolow, 490 U.S. 1, 7-8 (1989). Simple good faith on the part of the police is not enough. Terry v. Ohio, 392 U.S. 1, 22 (1968).

Whether a stop is reasonable under the Fourth Amendment depends on whether the police were aware of particularized, objective facts which, taken together with rational inferences from those facts, reasonably warranted suspicion that a crime was being committed. United States v. Beck, 140 F.3d 1129, 1136 (8th Cir. 1998). The propriety of a frisk depends on whether the officer has an objectively reasonable belief that a person is armed and dangerous. Terry, 392 U.S. at 27.

The actions of Mr. Hughes did not give rise to a reasonable suspicion that he was engaged in criminal activity. Mere similarities between the description given by a dispatcher and the physical appearance of Mr. Hughes are not sufficient to demonstrate reasonable suspicion that he was engaged in criminal activity. See Alabama v. White, 496 U.S. 325, 332 (1990) (finding of reasonable suspicion based on anonymous tip requires police corroboration and reliability). Second, even if the description was similar, an uncorroborated report from police dispatch is not sufficient to justify the degree of detention that occurred in this case. For these reasons, the report of a disturbance in the area was not sufficient to justify the detention and frisk of Mr. Hughes.

**2. Even if the detention and frisk of Mr. Hughes was justified under the Fourth Amendment, the search of his pocket constituted a search that exceeded the scope of any permissible frisk under Terry.**

3

Searches conducted outside the judicial process are *per se* unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions. Coolidge v. New Hampshire, 403 U.S. 443, 454-455 (1971). The burden is on the government to show the applicability of any exception. Id. at 455.

The detection of several "hard cylindrical objects" in the pocket of Mr. Hughes did not provide the police with any basis to search its contents. Though Terry allows a search of a suspect's outer clothing for weapons, a search through the contents of a suspect's pocket must be supported by probable cause that the object felt constitutes contraband. See Minnesota v. Dickerson, 508 U.S. 366, 376 (1993) (police must have probable cause that object constitutes contraband to justify seizure). Moreover, the incriminating nature of the contraband must be immediately apparent to the officer; an officer is not free to physically manipulate the object in an effort to discern its nature. Id. at 379.

Because the facts relied upon by the police in this case fell short of establishing reasonable suspicion to detain and search Mr. Hughes, the bullets obtained as a result of this Fourth Amendment violation must be suppressed. See Wong Sun v. United States, 371 U.S. 471, 484 (1963) (evidence seized during unlawful search cannot be used against victim of such search). Likewise, any testimony and statements obtained as a direct result of the stop must be suppressed under the fruit of the poisonous tree doctrine. See id. at 485 ("verbal evidence which derives so immediately from an unlawful entry and an unauthorized arrest . . . is no less the 'fruit' of official illegality than the more common tangible fruits of the unwarranted intrusion").

WHEREFORE, the Defendant, Roy T. Hughes requests the court to grant his motion to suppress evidence in this case.

>Respectfully submitted,
>
>/s/ **STEPHEN C. MOSS**
>STEPHEN C. MOSS
>Assistant Federal Public Defender
>818 Grand, Suite 300
>Kansas City, MO 64106
>(816) 471-8282
>ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

It is hereby CERTIFIED that this motion was filed on this 19th day of June, 2006, and that a copy was e-mailed to Bruce Clark, Assistant U. S. Attorney, pursuant to the Electronic Case Filing System.

>/s/ **STEPHEN C. MOSS**

5

Case 4:06-cr-00106-GAF   Document 19   Filed 06/19/06   Page 5 of 5